IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON ANDREW GRIESEMER,<br><br>Defendant. | NO.  CR 09-02831-TUC-RCC(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On November 29, 2009, Defendant Cameron Andrew Griesemer was arrested for possession of marijuana. The Defendant was indicted on December 23, 2009 [Doc. 13]. On May 14, 2010, Defendant filed a Motion to Suppress Evidence – Lack of Reasonable Suspicion [Doc. 30]. The Government filed its Response [Doc. 33] on May 26, 2010.

The matter came on for Evidentiary Hearing before the Court on July 16, 2010. The Government called as witnesses United States Border Patrol Agents Jesse Berry, Luis Alvarez, and Robert Guzman. The defense called no witnesses.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **GRANTING** Defendant's Motion to Suppress [Doc. 30].

**FACTS**

U. S. Border Patrol Agent Jesse Berry was on duty November 29, 2009, on Highway 90. He was stationed north of Whetstone and south of I-10. On that day, the checkpoint was closed due to rain. It is the belief of Border Patrol agents that rainy days create increased

1  opportunities for illegal aliens and drug smugglers. On this particular day, traffic was light.
2  Agent Berry observed that most individuals traveling north were either military personnel
3  or families going to church in Benson.

4  Whetstone is much closer to Sierra Vista than to Benson. Sierra Vista also has more
5  churches. Agent Berry expressed no opinion as to where the military personnel might be
6  going.

7  At approximately 9:30 a.m., Agent Berry observed Defendant Cameron Andrew
8  Griesemer driving north on Highway 90. As the Defendant drove, he was staring straight
9  ahead. He also appeared to be unshaven (one to two days' growth) and had a goatee. The
10  Defendant was traveling at 65 m.p.h.

11  Agent Berry further observed that the Defendant's vehicle was a cheap vehicle (2004)
12  with new license plates. The Defendant was sitting rigidly, while staring ahead, weaving,
13  and looking in his rearview mirror. For a minute or so, the Defendant slowed to 55 m.p.h.
14  As Agent Berry watched the vehicle, he noticed it had no window tinting and no stickers or
15  decals.

16  As Agent Berry moved his vehicle up next to Defendant Griesemer's, Berry saw a
17  large black duffel bag that took up the entire rear seat. It appeared to Agent Berry that there
18  were rectangular objects inside the bag. This created a suspicion that the bag contained
19  marijuana, since marijuana is normally packed in rectangular shapes.

20  Agent Berry determined that the car was registered in 2008 to a Mary Jane LaVally
21  in Kodiak, Alaska. Agent Berry never determined if Ms. LaVally was a real person. He did
22  believe, however, that the name Mary Jane was a taunt to law enforcement, as Mary Jane is
23  a euphemism for marijuana.

24  Agent Berry was unaware of Operation Lively Green, where many military personnel
25  were prosecuted for drug smuggling. He was aware of circumstances where older persons
26  transported drugs and of arrests that had been made of adults in the company of children.

27  Agent Luis Alvarez was Agent Berry's supervisor. Because the checkpoint was
28  down, Alvarez told his agents to concentrate on road traffic. Agent Alvarez happened to be

1 parked next to Agent Berry's car when Defendant Griesemer went by. He observed that the
2 Defendant was scruffy and sitting with his back against the car seat and that he had a large
3 duffel bag in his vehicle that seemed to contain boxed objects.
4 Based on the agents' observations, Defendant Griesemer was stopped and marijuana
5 was found in the duffel bag and in the trunk of the car.

## **DISCUSSION**

7 The agents observed a scruffy white male driving a 2004 Cavalier at 65 m.p.h.,
8 headed north on Highway 90. Presumably, he was suspicious because he was not military
9 or going to church. He also drove rigidly and looked in his rearview mirror as he was
10 followed by Agents Berry and Alvarez. The Defendant also seemed to weave within his
11 lane. For a short period of time, he slowed to 55 m.p.h. and then resumed his original speed.
12 Defendant's Motion to Suppress addresses all of the allegedly suspicious behaviors
13 and circumstances. The Court adopts the legal reasoning set forth therein.
14 Therefore, the only issue remaining is whether a duffel bag that is black in color and
15 sold in many retail stores is suspicious enough to permit a brief investigative stop. The bag
16 contained marijuana in rectangular shapes. Based on the evidence presented to the Court,
17 there would be a 50-50 chance that, if Agent Berry stopped the Defendant, he would find
18 marijuana. He won this flip of the coin, but he did not have sufficient cause to detain the
19 Defendant.

## **CONCLUSION**

21 It is the recommendation of this Court that the District Judge, after his independent
22 review and consideration, enter an Order **GRANTING** Defendant's Motion to Suppress
23 [Doc. 30].
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 09-02831-TUC-RCC.

DATED this 30th day of July, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge